W. W. McPHERSON v. A. L. REESE.

DEED. *Not sealed. Breach of warranty. Action thereon.*
Where an action is brought on a writing declared to be a deed executed by the defendant, for a breach of the warranty thereof, but the writing in fact has no seal or scroll affixed to it, it cannot be treated as a sealed instrument (under the law requiring a deed to be sealed) merely because it recites that it is sealed. *McCarley* v. *Board of Supervisors, ante,* p. 483; distinguished.

APPEAL from the Circuit Court of Lee County.
Hon. J. A. GREEN, Judge.
A. L. Reese executed to W. B. McPherson what was intended to be a deed of conveyance of certain land, with a general warranty of title. The latter conveyed the land to

W. W. McPherson, who conveyed the same, with a general warranty, to R. S. Stewart. Stewart was evicted, and recovered a judgment against W. W. McPherson, who paid the amount thereof, and then instituted this action on the warranty in Reese's supposed deed, for the money paid out and expended by the plaintiff on account of the land. In the trial of the action, the writing executed by Reese was offered in evidence by the plaintiff, but the court refused to admit it because it had no seal or scroll affixed to it, though it recited that it was sealed. The judgment was for the defendant, and the plaintiff appealed.

*J. D. Williams*, for the appellant.

I submit to the court, without a single citation of authority, that the writing offered in evidence by the plaintiff and excluded by the court on the trial of the cause in the court below was competent to support the issue in this cause on the part of plaintiff.

No counsel for the appellee in this court.

CHALMERS, C. J., delivered the opinion of the court.

We held in *McCarley* v. *Board of Supervisors, ante,* p. 483, that a party complainant would not, in a court of equity, be permitted to obtain affirmative relief based upon his omission to affix a seal or scroll to an instrument delivered by him as a sealed instrument, and containing the words, "witness my hand and seal." In such a case the instrument would be treated as sealed. In so doing, we followed the lead of the high authorities cited in our opinion in that case. We cannot extend the doctrine further. To hold that when a defendant is sued upon an unsealed instrument as a sealed one, the courts will treat it as being sealed because of a recital that it is such, where no element of equitable estoppel is averred or shown, would be to break down all distinction between sealed and unsealed instruments. However wise this might be as a legislative act (and it has now been accomplished by the Code of 1880), it is beyond the province of this court.

Judgment affirmed.